(Decided 9th April, 1869.)

---

# Otho J. Smith *vs.* Samuel Meredith.

*Act of 1841, ch. 64— When Judgments of Justices of the Peace, in Washington county, become Liens on the lands of the defendant.*

Under the Act of 1841, ch. 64, judgments of a justice of the peace in Washington county, so soon as copies have been recorded in the clerk's office, become liens on the lands of the defendant, and may be enforced by executions issued by the justice within three years from their date.

Smith *vs.* Meredith.

And they may be afterwards revived by *scire facias*, and executions may be issued.

If the plaintiff neglect these remedies at law, he will not be permitted to go into equity to enforce his liens.

APPEAL from the Circuit Court for Washington County, in Equity.

The cause was argued before STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*David H. Wiles,* for the appellant.

*David Fowler,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The record in this case shows that, on the 25th day of November, 1852, the appellant obtained two judgments against the appellee, before a justice of the peace for Washington county, one for the sum of sixty-one, and the other, for the sum of sixty-four dollars, with interest from their date, and that on the 13th day of December following, the judgments were duly recorded in the clerk's office of the Circuit Court for Washington county, in pursuance of the provisions of the Act of 1841, ch. 64, so as to make them liens upon the lands of the appellee. On the 23d day of November, 1864, the appellant filed his bill of complaint, on the equity side of the Circuit Court for Washington county, alleging the above facts, and charging that, at the time of the rendition and recording of the said judgments, the appellee was the owner of a house and lot in Boonsboro, and of other real estate in Washington county, to which the lien of the aforesaid judgments attached, and that no officer had power or authority, under the Act of 1841, ch. 64, to issue executions upon the judgments thus recorded in the clerk's office, and that the appellant was, therefore, remediless at law, and praying the

Court to enforce his liens by a decree for the sale of the lands of the appellee. To this bill the appellee filed a demurrer, which was sustained, and a decree was passed by the Court below dismissing the bill of complaint, from which decree this appeal is taken, and the only question presented for the consideration of this Court is whether the appellant could have enforced the liens of his judgments by executions at law.

The Act of 1841, chap. 64, under which the judgments were recorded, provided that no judgment rendered by a justice of the peace for Washington county, should be a lien upon the lands of the defendant in the judgment, until such judgment should be recorded by the clerk of the county.

The Act of 1841 did not give power to the clerk to issue execution upon judgments so recorded, and it was contended upon the part of the appellant, that neither the clerk of the Court nor the justice of the peace could issue execution upon such judgments. It is true that execution could not be issued by the clerk, under that Act, but we think it perfectly clear that it could have been issued either by the justice of the peace by whom the judgment was rendered, or by any other justice of the county before whom a certified copy of the judgment was produced for that purpose. The copy of the judgment recorded in the clerk's office did not constitute the lien under the Act of 1841; but so soon as the copy was recorded, the judgment of the justice of the peace became a lien upon the lands of the defendant in the judgment, and the recording of the copy was required in order that the public might have notice of the lien from the record in the clerk's office. The judgments in this case became liens upon the lands of the appellee after the copies were recorded in the clerk's office, and they could have been enforced against his lands by executions issued by the justice of the peace within three years from their date. The appellant having neglected for more than three years after the rendition of his judgments to obtain executions upon them, was still not without remedy at law, for he could have revived the judgments by *scire*

*facias,* and issued his executions. Having neglected to avail himself of these remedies, he has no right to go into equity to enforce his liens. His remedy at law having been full and adequate, a Court of Equity has no jurisdiction of the case, and there was, consequently, no error in the decree of the Court below, and it must be affirmed.

*Decree affirmed.*

(Decided 9th April, 1869.)